KENNETH PARKINSON (6778), for:
**HOWARD, LEWIS & PETERSEN, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
120 East 300 North Street
P.O. Box 1248                                                          Our File No. 32472-1
Provo, Utah 84603
Telephone: (801) 373-6345
Facsimile: (801) 377-4991
ParkinsonK@ProvoLawyers.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, STATE OF UTAH

| | |
|---|---|
| KATHY HUNTER, <br><br> Plaintiff, <br><br> vs. <br><br> KINGSLEY MANAGEMENT CORP, <br><br> Defendant. | **COMPLAINT AND JURY DEMAND** <br><br><br> Case No. |

COMES NOW Plaintiff, Kathy Hunter, by and through counsel, and hereby states her claim

for relief and alleges as follows:

**<u>INTRODUCTION</u>**

1.      This action is brought by plaintiff Kathy Hunter to secure redress for the

discrimination she suffered as an employee of Kingsley Management Corp. as well as retaliation

against her after she filed with the Equal Employment Opportunity Commission ("EEOC").

## JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq* and 29 U.S.C. § 621 et seq.

## VENUE

3.      Venue is proper in the Central District of Utah pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

## PARTIES AND JURISDICTION

4.      Plaintiff resides in Orem, Utah County, Utah..

5.      Plaintiff was born on November 4, 1952, and was over the age of 60 at all times relevant to this matter.

6.      Defendant Kingsley Management Corp. ("KMC") is a Utah company doing business in Utah.

7.      Plaintiff was employed by KMC from April 2008 to August 5, 2013.

8.      Plaintiff's claim is based on the requirements of the ADEA and Title VII of the Civil Rights Act of 1964 and its amendments.

## PROCEDURAL PREREQUISITES

9.  Plaintiff timely filed a verified charge of age discrimination and unlawful retaliation against KMC with the Utah Antidiscrimination & Labor Division ("UALD") on November 22, 2013. The UALD referred the claim to the EEOC. The charge numbers on this complaint are as follows: EEOC No. 540-2013-03335 and 540-2013-03335.

10. The EEOC issued a Notice of Right to Sue on December 16, 2015, less than 90 days prior to filing this complaint.

11. KMC employs sufficient employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year to be subject to the requirements of the ADEA and Title VII.

## GENERAL FACTUAL ALLEGATIONS

12. Plaintiff reasserts and incorporates all other allegations of this complaint.

13. Plaintiff was hired by KMC as an Accounts Payable Clerk for the Property Management business located in Provo, Utah, on April 23, 2008.

14. Plaintiff was an Office Manager for the company at the time of termination, on August 5, 2013.

15. Prior to being hired by KMC, Plaintiff worked in the accounts payable field for at least thirty years, including working in managerial positions, and was familiar with the management of several large properties and the general procedures followed in such an environment.

16.     Plaintiff's direct supervisor at the time she was hired was Nate Nelson, who worked as the company's president and CFO at the time of Kathy's termination.

17.     Plaintiff was satisfactorily performing her job duties and had never been counseled or written up for negative performance issues.

18.     Plaintiff received a performance bonus in May 2013 for doing a good job.

19.     On August 5, 2013, Plaintiff was terminated from her job without warning.

20.     Plaintiff was replaced by a younger male, Dale Ferguson, shortly after her termination.

21.     On November 22, 2013, Plaintiff filed a complaint for age and gender discrimination, and unlawful retaliation with the EEOC.

22.     At the time of her termination, Plaintiff earned approximately $35,000 a year, plus an opportunity for bonuses. Plaintiff also received other benefits including paid holidays, vacation and sick leave, and health insurance reimbursement and other benefits.

## COUNT I:  AGE DISCRIMINATION

23.     Plaintiff reasserts and incorporates all other allegations of this complaint.

24.     During the term of her employment, plaintiff observed the poor treatment of other female employees and older employees.

25.     At all relevant times, Plaintiff was over 40 years of age and is therefore protected by the provisions of the ADEA.

26.     Plaintiff was well qualified for her position as Office Manager, having worked for Kingsley for over 5 ½ and at least thirty years in accounts payable.

27.     Plaintiff was an outstanding employee and had never been counseled or written up for negative performance during her tenure at KMC.

28.     Plaintiff was suddenly terminated on August 5, 2013, without warning.

29.     Plaintiff was immediately replaced by a younger male employee.

30.     Defendant unlawfully terminated plaintiff based on an age based discriminatory motive or purpose.

31.     This employee was hired at the end of May, 2013 and was trained  by the plaintiff

32.     Defendant, its agents or employees, knew or should have known that its actions violated plaintiff's rights under state and federal law.

33.     As a result of KMC's wrongful conduct, by and through its officers, agents, and employees, Plaintiff has suffered damages for which she is entitled to recover.

34.     KMC's conduct in violating Plaintiff's rights, as alleged herein, was willful.  KMC is therefore liable for liquidated damages, for lost wages and future pecuniary losses.

35.     The EEOC has evaluated Ms. Hunter's claims and found them meritorious.

## COUNT II: GENDER DISCRIMINATION

36.     Plaintiff reasserts and incorporates all other allegations of this complaint.

37.     Plaintiff was an outstanding employee and had never been counseled for negative performance during her tenure at KMC.

38.     Plaintiff was discharged from her employment with KMC without warning on August 5, 2013.

39.     Plaintiff was replaced by a younger male employee.

40.     Defendant unlawfully terminated plaintiff based on a sex based discriminatory motive or purpose.

41.     Plaintiff has experienced pain and suffering and mental anguish as a result of her sudden discriminatory and unjustified termination.

42.     The EEOC has evaluated Ms. Hunter's claims and found them meritorious.

## COUNT III:  UNLAWFUL RETALIATION

43.     Plaintiff reasserts and incorporates all other allegations of this complaint.

44.     Plaintiff was discharged from her employment with KMC without warning on August 5, 2013.

*Invalid Termination Agreement*

45.     At the time of her termination, KMC provided Ms. Hunter with a Termination Agreement and General Release (the "Agreement").

6

46.     Ms. Hunter's husband was recovering from cancer at the time and she desperately needed income while she looked for work.

47.     She signed the Agreement on or about August 5, 2013.

48.     The Agreement was unenforceable because the waiver was not "knowing and voluntary" as defined in the ADEA and OWBPA. (See 29 U.S. Code § 626.)

49.     In particular, the Agreement did not meet the specific statutory requirements of the ADEA and OWBPA because it:

a.     Was not written in a manner calculated to be understood by the employee or by the average individual eligible to participate;

b.     Did not specifically refer to rights or claims arising under the ADEA or the OWBPA.;

c.     Required the plaintiff to waive rights or claims that may arise after the date the agreement was executed;

d.     Did not provide additional consideration beyond what the plaintiff was already entitled as a working employee;

e.     Did not advise the plaintiff in writing to consult with an attorney prior to executing the agreement;

f.     Did not give the plaintiff a period of at least 21 days within which to consider the agreement;

g.      Did not give the plaintiff a period of at least 7 days following the execution of the Agreement to revoke the Agreement and delay the effectiveness of the agreement until the revocation period had expired.

50.     The Agreement provided for a fourteen day evaluation period, rather than the twenty-one day evaluation period and provided no rescission period.

51.     The Agreement was, accordingly, unenforceable because it violated the Age Discrimination Employment Act as amended by the Older Workers Benefit Protection Act.

52.     KMC paid $4,500.00 in severance, but did not pay her for her last week of employment.

53.     Notwithstanding having terminated Ms. Hunter, KMC continued to make additional employment demands upon her after the period of her termination which effectively kept her as an unpaid employee.

54.     The Agreement was unenforceable due to a failure of consideration and prior breach.

*Defendant's Retaliation*

55.     Ms. Hunter filed a charge of age and sex discrimination with the EEOC on November 22, 2013.

56.     KMC sued plaintiff in State of Utah, Fourth Judicial District Court state court, Case No. 140401145 on or about August 12, 2014 claiming that she breached the Agreement.

57.     After speaking with the EEOC, KMC dismissed the complaint.

58.     As a result of KMC's wrongful conduct, by and through its officers, agents, and employees, Plaintiff has suffered damages for which she is entitled to recover.

59.     The EEOC has evaluated Ms. Hunter's claims and found them meritorious.

## JURY DEMAND

Plaintiff hereby demands a jury in the above action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against KMC as follows:

1.     For general compensatory damages, as follows:

     a.     Back pay for lost wages and benefits;

     b.     Lost future earnings and benefits; and,

     c.     Liquidated damages in an amount equal to plaintiff's lost wages.

2.     For Plaintiff's costs and reasonable attorney fees incurred herein.

3.     General damages for pain, suffering and mental anguish.

4.     For such other and further relief as the Court deems just and proper.

DATED this  15th  day of March 2016.

/s/ KENNETH PARKINSON
KENNETH PARKINSON, for:
HOWARD, LEWIS & PETERSEN, P.C.
Attorneys for Plaintiff